IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case 2:14-CR-00319-KOB-SGC |
| | ) |
| JOSEPH HAROLD GANDY | ) |

**MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

Comes now the United States of America, by the undersigned counsel, and moves this Court for the entry of a Preliminary Order of Forfeiture in the above-styled criminal action. As grounds therefor, the government states as follows:

1. In the Notice of Forfeiture contained in the Information in this case, the United States sought forfeiture, pursuant to 18 U.S.C. § 982(a)(1), of any property, real or personal, involved in the money laundering offense charged in Count One of the Information. Specifically, the Defendant was aware that he must forfeit the loose stones and other jewelry that were involved in his money laundering offense and seized by law enforcement. [Doc. 1]:

2. On October 3, 2014, the defendant entered into a binding plea agreement wherein he pled guilty to Count One of the Information and consented to the forfeiture of all jewelry turned over to the United States pursuant to the plea agreement and all jewelry and other items seized by the Federal Bureau of

1

Investigation during a search of the defendant's residence in November 2013. [Doc. 3]. The listing of currency, loose stones, jewelry, and other items that the defendant has agreed to forfeit as property involved in the money laundering offense is attached to this motion as Exhibit A.

3. The Court's authority to enter a Preliminary Order of Forfeiture in this case is governed by Federal Rule of Criminal Procedure 32.2, which directs, in pertinent part, that:

> (b)(1)(A) As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense.
>
> (b)(2)(A) If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture ... directing the forfeiture of specific property.... The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).
>
> (b)(4)(B) The court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing. The court must also include the forfeiture order, directly or by reference, in the judgment....

4. Additionally, because forfeiture is a part of sentencing, the Government need only demonstrate that the property sought for forfeiture is forfeitable by a

preponderance of the evidence and not proof beyond a reasonable doubt. See United States v. Dicter, 198 F.3d 1284, 1289 (11th Cir. 1999); see also United States v. Cabeza, 258 F.3d 1256, 1257-1258 (11th Cir. 2001) (Apprendi does not change preponderance of the evidence standard in forfeiture phase).

5. Furthermore, forfeiture is a mandatory part of a defendant's sentence, so long as the Government has demonstrated a nexus between the crime and the property sought for forfeiture. See United States v. Gilbert, 244 F.3d 888, 909 (11th Cir. 2001). In this case, the Government has met this standard in that the facts of the case establish the connection between items listed in Attachment A and the defendant's money laundering offense, in that those items provided "cover" for the defendant's money laundering scheme, and the defendant himself has consented to the forfeiture of these items as property involved in the money laundering offense. See United States v. Seher, 562 F.3d 1344, 1369 (11th Cir. 2009) (jeweler convicted of money laundering and currency reporting violations ordered to forfeit untainted inventory and funds in bank account that were used to create a façade of legitimacy as he converted drug money into jewelry for drug dealers).

6. Based upon this nexus and also upon the Defendant's guilty plea, the Attorney General is now entitled to possession of the items listed in Attachment A, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, and is

authorized to commence proceedings necessary to accommodate any third-party rights in those assets, pursuant to Rule 32.2(b)(3) and 21 U.S.C. § 853(n).[1]

7.      Pursuant to Rule 32.2(c)(2), at the conclusion of ancillary proceedings to determine third-party rights, the Court must enter a final order of forfeiture with respect to the items listed in Attachment A, except that if no third-party files a timely petition, at the expiration of the time in which third-party petitions may be filed, the Preliminary Order of Forfeiture may become the Final Order of Forfeiture, and the United States shall have clear title to the property.

Accordingly, for the reasons stated above, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture in the above-styled criminal action, pursuant to 18 U.S.C. § 982(a)(1), ordering the forfeiture of the items listed in Attachment A.

Respectfully submitted this 13th day of April, 2015.

                                          JOYCE WHITE VANCE
                                        United States Attorney

                                        */s/Jennifer S. Murnahan*
                                        JENNIFER S. MURNAHAN
                                        Assistant United States Attorney

---

[1] The procedural provisions of 21 U.S.C. § 853 governing criminal forfeiture are incorporated by 18 U.S.C. § 982(b)(1).

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been electronically filed with the Clerk of Court, Northern District of Alabama, on this 13th day of April, 2015, using the CM/ECF filing system which will send notification of said filing to all counsel of record.

*/s/Jennifer S. Murnahan*
JENNIFER S. MURNAHAN
Assistant United States Attorney
1801 Fourth Avenue North
Birmingham, Alabama 35203
(205) 244-2135