FILED
2016 Nov-01  PM 01:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:14-cr-319-KOB-SGC** |
| | ) | |
| **JOSEPH HAROLD GANDY** | ) | |

## THE UNITED STATES' POSITION STATEMENT AND OMNIBUS RESPONSE TO THE THIRD PARTIES' SUMMARY JUDGMENT MOTIONS

The United States responds to the third-party petitioners' summary-judgment motions.[1] For the reasons discussed below and in its Motion for Final Order of Forfeiture (which has been sent to the other parties so they can determine whether to oppose it or not, and which will be filed after they have had reasonable time to make that determination), the Government respectfully requests that, once the ancillary proceeding concludes, the Court forfeit three unclaimed sums of cash and all unclaimed gemstones and pieces of jewelry listed in the Preliminary Order of Forfeiture to the Government. The Government will not seek forfeiture of items that have been claimed by one or more third parties. (As discussed below, specific claimed and unclaimed items are identified in the proposed final order of forfeiture attached to this Response as Exhibit A.)

---

[1] (Docs. 68-71.)

1

## BACKGROUND

In October 2014 the Government charged Defendant Joseph Harold Gandy with money laundering.[2] He pleaded guilty and agreed to forfeit his interest in sums of cash, gemstones, and jewelry that law enforcement seized during its investigation of him.[3] The Government's interest in the items arose on 26 July 2013, the time of Gandy's money-laundering offense.[4]

On 22 April 2015 Judge Bowdre entered a Preliminary Order of Forfeiture extinguishing Gandy's interest in the items.[5] In spring and summer 2015, five third parties started the ancillary forfeiture proceeding by filing claims to various gemstones and pieces of jewelry.[6] These third-party petitioners are XL Specialty Insurance Company, which insured Gandy's inventory at the time he staged the fake robbery of his store; Lazare Kaplan, a company that had jewelry on consignment at Gandy's store at the time of the robbery; Levy's Fine Jewelry and

---

[2] (Doc. 1.)

[3] (Doc. 3 at 1-2.)

[4] 21 U.S.C. § 853(c) (the United States' interest in property subject to forfeiture vests "upon the commission of the act giving rise to forfeiture"); *United States v. Hernandez-Morales*, No. CR13–4061–MWB, 2014 WL 7252045, *7 (N.D. Iowa Dec. 16, 2014) (when third party deposited drug proceeds into claimant's bank account as part of a money-laundering scheme, the Government's interest immediately vested, so claimant could not show any pre-existing interest), *adopted by the district court*, 2015 WL 416675 (N.D. Iowa Jan. 30, 2015).

[5] (Doc. 23); Fed. R. Crim. P. 32.2(b); *United States v. De Los Santos*, 260 F.3d 446, 448 (5th Cir. 2001) ("A preliminary order of forfeiture is a final judgment as to the rights of a defendant to forfeited property."); *United States v. BCCI Holdings (Luxembourg) S.A.*, 69 F. Supp. 2d 36, 43, 51 (D.D.C. 1999) (preliminary order transfers defendant's interest to the United States and is final as to the defendant at sentencing; it remains preliminary as to third parties until the ancillary proceeding is concluded).

[6] Fed. R. Crim. P. 32.2(c); 21 U.S.C. § 853(n).

2

The Diamond Dealer, two local jewelry stores that Gandy fenced diamonds to; and Dr. Maureen Muecke, an acquaintance of Gandy's.

## GOVERNMENT'S RESPONSE AND POSITION STATEMENT

### I. Ancillary Proceeding Mechanics

#### A. Burden of Proof

To prevail in an ancillary proceeding, a third-party petitioner has the burden of proving by a preponderance of the evidence that it either (1) has an interest in property that predates the defendant's (and hence the Government's), per 21 U.S.C. § 853(n)(6)(A); or (2) was a bona fide purchaser of the property for value who was without reason to believe it was subject to forfeiture at the time of purchase, per 21 U.S.C. § 853(n)(6)(B). If a third party can prove one condition or the other with respect to a particular item listed in a preliminary forfeiture order, its claim is superior to the Government's.[7] If no one else files a valid, competing claim to that item, the Court can amend the preliminary forfeiture order to grant the third-party's claim.[8] If two or more third parties establish a claim superior to the Government's, the Court may then resolve the competing claims in the ancillary proceeding.[9] If no third party proves that it has an ownership interest in a particular

---

[7] 21 U.S.C. § 853(n)(6).
[8] *Id.*
[9] *Willis Mgmt. (Vt.), Ltd. v. United States*, 652 F.3d 236, 246 (2d Cir. 2011) (if there are competing claims to the forfeited property, both of which have merit, the court may use the ancillary proceeding to resolve them).

item superior to the Government's, the Court must enter a final order of forfeiture forfeiting the property to the Government.[10]

## B.   The Court Should Not Set Aside Forfeiture or Grant Remission.

The third-parties' summary-judgment motions appear on the docket as motions to "set aside forfeiture." (This is perhaps simply a function of the CM/ECF's filing-classification system, as opposed to any party's stance concerning forfeiture.) Additionally, some third parties have included or referred to requests for remission or mitigation of forfeiture in their filings.[11] Neither form of relief is appropriate at this stage.

First, the Court should not set aside forfeiture. At this point, the only thing that has been forfeited to the Government is Gandy's interest in items listed in the Preliminary Forfeiture Order.[12] If the Court determines that a third-party petitioner has established a superior claim to a particular item, it should, per 21 U.S.C. § 853(n)(6), "amend the [Preliminary Forfeiture Order] in accordance with its determination"—i.e., amend the Preliminary Forfeiture Order to grant the appropriate third party's claim, as opposed to setting forfeiture aside.

---

[10] *See* Fed. R. Crim. P. 32.2(c)(2); 21 U.S.C. § 853(n)(6).
[11] (Docs. 26, 49, & 71-1 at 9-11.)
[12] (Doc. 23); Fed. R. Crim. P. 32.2(b); *De Los Santos*, 260 F.3d at 448; *BCCI Holdings*, 69 F. Supp. 2d at 43, 51.

Second, remission is a process through which a party aggrieved by a crime or forfeiture may ask the Government for the return of already-forfeited property.[13] The Attorney General, as opposed to the Court, decides remission petitions, which should be submitted directly to the Government after forfeiture occurs.[14] Remission is not a cause of action or legal theory that can be asserted in an ancillary forfeiture proceeding. The only theories available to third parties to ancillary proceedings are set forth in 21 U.S.C. § 853(n)(6).[15]

## II.  The Government Seeks a Final Order of Forfeiture on the Unclaimed Items, But Will Not Seek Forfeiture of Items Claimed by Any Third Party.

Some items listed in the Preliminary Forfeiture Order have been claimed by third parties; others haven't. The Government will file a Motion for Final Order of Forfeiture in the near future, after the third-party petitioners have had reasonable

---

[13] *See Matter of Sixty Seven Thousand Four Hundred Seventy Dollars ($67,470.00)*, 901 F.2d 1540, 1543 (11th Cir. 1990) ("The remission of forfeitures is neither a right nor a privilege, but an act of grace. The purpose of the remission statutes is to grant *the executive* the power to ameliorate the potential harshness of forfeitures." (emphasis added) (citations omitted)); *see also In re Twenty-Seven Thousand Seven Hundred Dollars & Twenty-Five Cents*, No. 1:13-CV-58-HSO-RHW, 2014 WL 37749, at *4 (S.D. Miss. Jan. 2, 2014) ("[A] petitioner seeking remission or mitigation of a forfeiture does not contest the legitimacy of the forfeiture. Rather, a petition for remission or mitigation is a means of ameliorating the harshness of forfeiture when mitigating circumstances exist." (internal quotations omitted)).

[14] *See* 21 U.S.C. § 853(i) ("With respect to property ordered forfeited under this section, the Attorney General is authorized to—(1) grant petitions for mitigation or remission of forfeiture, restore forfeited property to victims of a violation of this subchapter, or take any other action to protect the rights of innocent persons which is in the interest of justice and which is not inconsistent with the provisions of this section . . . ."); 28 C.F.R. § 9.1 *et seq.* (setting forth procedures for DOJ officials to follow when considering remission petitions).

[15] *United States v. Kennedy*, 201 F.3d 1324, 1328, 1335 (11th Cir. 2000) (the alternative grounds set forth in 21 U.S.C. § 853(n)(6)(A) and (B) are the only grounds for recovery in the ancillary proceeding).

time to review it and decide whether to oppose it. The Government has attached a draft proposed final order of forfeiture, marked as Exhibit A, to this Response for the Court's reference. The draft final forfeiture order lists the items set forth in the Preliminary Forfeiture Order, and has a space proximate to each item that identifies the "prevailing party." This space is blank for items that have been claimed by more than one third party, as the Court will have to weigh competing third-party claims. These items are also highlighted. There are also items claimed only by XL, and the space next to those lists XL as the prevailing party. (Items claimed by at least one third party are more fully described in the chart attached as Exhibit B to this Response. The chart also indicates which third parties are claiming which items.) The Government is listed in the proposed final forfeiture order as the prevailing party for all unclaimed items.

    As discussed below, the Court should forfeit all unclaimed items to the Government. The Government will not contest forfeiture of the remaining, claimed items. The Court should award those, on an individual basis, to whichever third party has the superior claim.

## A.    Unclaimed Items

No one claimed the majority of the items listed in the Preliminary Forfeiture Order. They consist of three sums of cash and a number of gemstones and pieces of jewelry. The time for third parties to claim them has passed.[16]

Additionally, XL alone originally claimed several items that it has, after discussions with the Government, agreed to withdraw its claims to.[17] Those items are

- An 18 KT. White Gold Ladies Heart Shaped Carved Finish Rhodolite Garnet and Diamond Ring Containing Approximate .75 CT T.W. Full Cut Diamonds, SI2 H, 4 DWT. And One 9X9 MM Heart Shaped Rhodolite Garnet (Preliminary Order Page No. 16; Proposed Final Order Item No. 178);

- An 18 KT White Gold Diamond Band Ring with Blue Enamel Finish, 5 DWT., Containing Fifteen .005 CT. Full Cut Diamonds and Three .03 CT. Full Cut Diamonds, SI1 G-H (Preliminary Order Page No. 20; Proposed Final Order Item No. 211);

- An 18 KT. White Gold Pair of Pierced Clip Diamond and Sapphire Earrings, Containing Thirty-Six 1.20 CT. T.W. Full Cut Diamonds and 2.75 CT. T.W. Pave' Blue Sapphire Background, 10 DWT (Preliminary Order Page No. 23; Proposed Final Order Item No. 232);

- A Platinum Ladies Diamond Engagement Ring with 18 KT. Yellow Gold Trim, 7.5 DWT., Containing Four .08 CT. Tapered Diamond Baguettes and Two .12 CT. Marquise Cut Diamonds, VS2 - SI1 G-H (No Center Stone) (Preliminary Order Page No. 24; Proposed Final Order Item No. 246);

---

[16] 21 U.S.C. § 853(n)(2).

[17] (Doc. 49-4; Declaration of Thomas Borton, attached as Exhibit C.)

- A Pair 14 KT. Yellow Gold Gents Cuff Links, 6 DWT (Preliminary Order Page No. 25; Proposed Final Order Item No. 253); and

- A Pair of 18 KT. Yellow Gold Pierced Bezel Set Diamond Stud Earrings Containing Two .20 CT. Brilliant Cut Diamonds, I1 G-H (Preliminary Order Page No. 31; Proposed Final Order Item No. 309).

These and the other unclaimed items should be finally forfeited to the Government at the conclusion of the ancillary proceeding.[18]

**B.    Claimed Items**

One or more third parties have claimed 38 items listed in the Preliminary Forfeiture Order. The chart attached to this Response as Exhibit B summarizes which claimants are seeking which pieces. The Government will not seek forfeiture of these items and will not contest any third party's claims to them.

---

[18] Fed. R. Crim. P. 32.2(c)(2) ("When the ancillary proceeding ends, the court must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights. *If no third party files a timely petition, the preliminary order becomes the final order of forfeiture* if the court finds that the defendant (or any combination of defendants convicted in the case) had an interest in the property that is forfeitable under the applicable statute. The defendant may not object to the entry of the final order on the ground that the property belongs, in whole or in part, to a codefendant or third party; nor may a third party object to the final order on the ground that the third party had an interest in the property." (emphasis added)).

## <u>CONCLUSION</u>

For the reasons discussed above, the Government respectfully requests that, at the conclusion of the ancillary proceeding, the Court forfeit all unclaimed items in the Preliminary Forfeiture Order to the Government.

Respectfully submitted 1 November 2016.

<div style="margin-left:40%">

JOYCE WHITE VANCE
UNITED STATES ATTORNEY

*/s/ electronic signature*
Thomas Borton
Assistant United States Attorney
U.S. Attorney's Office
1801 Fourth Avenue North
Birmingham, Alabama 35203
(205) 244-2001
(205) 244-2182 (fax)
thomas.borton@usdoj.gov

</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been electronically filed with the Clerk of Court, Northern District of Alabama, on 1 November 2016, using the CM/ECF filing system which will send notification of said filing to all counsel of record.

*/s/ electronic signature*
Thomas Borton