FILED
2016 Nov-29 AM 10:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>SOUTHERN DIVISION</u>**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Case No. 2:14-cr-319-KOB-SGC** |
| | ) | |
| **JOSEPH HAROLD GANDY** | ) | |

<u>**THE UNITED STATES' REPLY TO LEVY'S AND
THE DIAMOND DEALER'S RESPONSES TO
THE UNITED STATES' MOTION TO FILE A SUR-REPLY**</u>

In their Response Briefs, Levy's and The Diamond Dealer (the "Jewelers") abruptly deem the FBI's investigation mechanics "immaterial," "irrelevant," and "collateral."[1] They do not explain why they devoted significant portions of their earlier briefs[2] to the subject. Nor do they address the factual inaccuracies appearing in those briefs—namely Levy's allegation that the FBI attempted to "set up" or "use" Levy's and the characterization of their surrender of the diamonds as voluntary.

The Jewelers had ample opportunity to take discovery on these subjects, chose not to do so, and instead elected to make unsupported and inaccurate statements about the FBI's investigation. By attempting to make an immaterial issue material, they opened the door to the United States' proposed sur-reply.[3]

---

[1] (Doc. 91 at 3; Doc. 92 at 1.)
[2] (Docs. 87-88.)
[3] *Cf. United States v. Frazier*, 387 F.3d 1244, 1270 (11th Cir. 2004) (recognizing that when a defendant "opens the door" for the government to explain evidence introduced by the defendant,

1

Additionally, the Court should reject the Jewelers' proposals for a new discovery period.[4] The facts were always there, but the Jewelers declined to make formal inquiries. Giving them leave to take the discovery they originally neglected to take on a subject they now agree is irrelevant wouldn't seem to accomplish much.

Should the Court nevertheless order further discovery, the United States requests, for the sake of fairness, that it be permitted to take its own discovery on the viability of the Jewelers' claims. And at the end of any new discovery period, the United States requests the opportunity to oppose the Jewelers' claims to the diamonds in issue, if appropriate.

---

the defendant cannot then "complain that the government stepped through that door and rose to the challenge he presented"); *United States v. Hall*, 653 F.2d 1002, 1006 (5th Cir. Aug. 1981) ("The underlying rationale [of rebuttal evidence] is that when the defendant has opened the door to a line of testimony by presenting evidence thereon, he cannot object to the prosecution's accepting the challenge and attempting to rebut the proposition asserted.").

[4] (Doc. 91 at 5; Doc. 92 at 2.)

For the reasons set forth above and in its Motion to File a Sur-Reply, the United States respectfully requests permission to file a sur-reply to the Jewelers' Reply Briefs.

Respectfully submitted 29 November 2016.

                              JOYCE WHITE VANCE
                              UNITED STATES ATTORNEY

                              */s/ electronic signature*
                              Thomas Borton
                              Assistant United States Attorney
                              U.S. Attorney's Office
                              1801 Fourth Avenue North
                              Birmingham, Alabama 35203
                              (205) 244-2001
                              (205) 244-2182 (fax)
                              thomas.borton@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing has been electronically filed with the Clerk of Court, Northern District of Alabama, on 29 November 2016, using the CM/ECF filing system which will send notification of said filing to all counsel of record.

*/s/ electronic signature*
Thomas Borton